LOLLEY, J.
I,Following a jury trial in the 26th Judicial District Court, Parish of Bossier, State of Louisiana, Gerald Bernard Ward was convicted of distribution of cocaine in violation of La. R.S. 40:967A(1). He was subsequently sentenced to 25 years at hard labor, the first 2 years without benefit of probation, parole or suspension of sentence. Ward now appeals. For the following reasons, we affirm his conviction and sentence.
FACTS
Gerald Bernard Ward was arrested on April 16, 2014, for the sale of .3 grams of cocaine to a confidential informant (“Cl”) on May 14, 2013. Ward was subsequently charged by amended bill of information with distribution of cocaine in violation of La. R.S. 40:967A(1). He was represented by the public defender’s office, and declined several plea offers. During discovery, the state disclosed the identity of the Cl to the defense, but the Cl was not called to testify.
During trial, Officer Shawn Poudrier, of the Bossier Police Department Narcotics Task Force, and Lieutenant Gary Bass, a crime scene investigator for the Bossier Parish Sheriffs Office, testified. Audio/video recording of the alleged transaction and still photographs taken from that video recording were introduced into evidence by the state. The defense presented no evidence. The jury found Ward guilty as charged by a verdict of 11-1.
Ward filed motions for post-verdict judgment of acquittal, new trial, and reconsideration of sentence, which the trial court denied. Ward also filed numerous pro se letters and motions which the trial court addressed in its ruling with reasons for denial. Ward’s motion requesting documents was 12granted, and he was provided a free copy of his bill of information, criminal case minutes, and documents committing him to custody. This appeal ensued.
DISCUSSION

Sufficiency of the Evidence

In his first assignment of error, Ward submits that the evidence adduced at trial was insufficient to prove he committed the offense of distribution of cocaine. Ward contends that the officer who testified at trial was too far away to properly identify the person who allegedly sold *231 cocaine to the CL Additionally, Ward argues that the video the state submitted of the transaction does not definitively depict Ward as the seller, and further, no DNA or fingerprint evidence was submitted to prove Ward ever handled the three bags which were recovered from the Cl. We disagree.
The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Tate, 2001-1658 (La. 05/20/03), 851 So.2d 921, cert. denied, 541 U.S. 905, 124 S.Ct. 1604, 158 L.Ed.2d 248 (2004); State v. Carter, 42,894 (La.App. 2d Cir. 01/09/08), 974 So.2d 181, writ denied, 2008-0499 (La. 11/14/08), 996 So.2d 1086. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. State v. Pigford, 2005-0477 (La. 02/22/06), 922 So.2d 517; State v. Dotie, 43,819 (La.App. 2 Cir. 01/14/09), 1 So.3d 833, writ denied, 2009-0310 (La. 11/06/09), 21 So. 3d 297. The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 1994-3116 (La. 10/16/95), 661 So.2d 442. A reviewing court accords great deference to a jury’s decision to accept or reject the testimony of a witness in whole or in part. State v. Eason, 43,788 (La.App. 2d Cir. 02/25/09), 3 So.3d 685, writ denied, 2009-0725 (La. 12/11/09), 23 So.3d 913.
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La. 1983); State v. Speed, 43,786 (La.App. 2d Cir. 01/14/09), 2 So.3d 582, writ denied, 2009-0372 (La. 11/06/09), 21 So.3d 299.
 Where there is conflicting testimony concerning factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. State v. Allen, 36,180 (La.App. 2d Cir. 09/18/02), 828 So.2d 622, writs denied, 2002-2595 (La. 03/28/03), 840 So.2d 566, and 2002-2997 (La. 06/27/03), 847 So.2d 1255, cert. denied, 540 U.S. 1185, 124 S.Ct. 1404, 158 L.Ed.2d 90 (2004). In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness’s testimony, if believed by the trier of fact, is sufficient support for a requisite factual | conclusion. State v. Baker, 49,175 (La.App. 2d Cir. 08/27/14), 148 So.3d 217. Such testimony alone is sufficient even where the state does not introduce medical, scientific, or physical evidence to prove the commission of the offense by the defendant. State v. Moore, 44,429 (La.App. 2d Cir. 08/26/09), 20 So.3d 1137, writ not cons., 2009-2166 (La. 04/09/10), 31 So.3d 378.
When the key issue is the defendant’s identity as the perpetrator, rather than whether the crime was committed, the state is required to negate any reasonable probability of misidentification. State v. Weary, 2003-3067 (La. 4/24/06), 931 So.2d 297, cert. denied, 549 U.S. 1062, 127 *232 S.Ct. 682, 166 L.Ed.2d 531 (2006); State v. Sims, 49,682 (La.App. 2d Cir. 02/27/15), 162 So.3d 595, writ denied, 2015-0602 (La. 02/05/16), 186 So.3d 1161; State v. Johnson, 47,313 (La.App. 2d Cir. 08/08/12), 103 So.3d 542, writ denied, 2012-2036 (La. 01/25/13), 105 So.3d 714. Positive identification by only one witness is sufficient to support a conviction. State v. Hughes, 2005-0992 (La. 11/29/06), 943 So.2d 1047; State v. Jefferson, 47,009 (La.App. 2d Cir. 03/07/12), 91 So.3d 1007, writ denied, 2012-0751 (La. 11/02/12), 99 So.3d 661.
Louisiana R.S 40:967A(1) states that it shall be unlawful for any person knowingly or intentionally:
To produce, manufacture, distribute, or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance or controlled substance analogue classified in Schedule II.
Here, during the defendant’s trial, Lt. Bass testified to establish the chain of custody of the three bags of cocaine recovered by Off. Poudrier from the CI. The Northwest Louisiana Crime Lab certified report, ^introduced during Lt. Bass’s testimony, showed that the white material in the three green bags was determined to contain cocaine. The jury was to decide, based on the trial testimony and video evidence, if it was reasonable to believe that Ward was the man selling those bags of cocaine to the CI.
Officer Poudrier provided eyewitness testimony of the transaction between the CI and Ward. He testified that he met with the CI at an undisclosed location on the afternoon of the buy. The CI informed Off. Poudrier that he had arranged a buy from Ward. Officer Poudrier searched the CI by removing his shoes and socks, shirt and hat and having the CI unfasten his pants and shake them. Officer Poudrier conducted a pat-down of the CI and ensured that there were no hidden compartments on the bicycle the CI was riding. He then gave the CI $30.00 of marked “buy money” and a key fob audio/video recording device that was attached to a key chain. Officer Poudrier testified that after the CI left the undisclosed location on his bicycle, he followed the CI to Montgomery Street, where the buy was to occur. Officer Poudrier stated:
I observed the CI kind of pull over on the side of the road and Mr. Ward walk out. I didn’t see him walk out of a residence; I saw him walking through a yard, and contact my confidential informant on the street. I saw a hand to hand transaction. I observed the CI hand him some money and Mr. Ward hand him something and then the CI left.
Officer Poudrier followed the CI back to the undisclosed location. At some point during travel the CI “got away” from him, but Off. Poudrier testified that he quickly regained sight of the CI. The two met at the undisclosed location, and the CI got into Off. Poudrier’s vehicle and produced three small green bags containing what appeared to be rocks of crack cocaine. The bags were introduced into evidence and published to the jury.
| f;Officer Poudrier identified the DVD audio/video recording of the transaction, which was also introduced into evidence and played for the jury. The recording is shaky because the CI is on a bicycle, and the hand to hand transaction lasts only seconds. While there is a clear view of the man selling to the CI, the video did not capture the hand to hand exchange of money and drugs. Several still photographs of the man selling to the CI were captured from the video and printed. These photographs show the man selling to the CI standing in the street, and there are several clear photos of the man’s face. The photographs were introduced into evi- *233 denee and published to the jury. Officer Poudrier identified Ward in open court as the man selling to the Cl, from both his personal observation of the transaction and the video/photographs.-
The evidence was sufficient to sustain Ward’s conviction for distribution of cocaine. Identification by only one witness, when reasonably believed by the fact finder, is sufficient to sustain a conviction; therefore, Off. Poudrier’s eyewitness testimony of the hand-to-hand sale of cocaine to the Cl was sufficient to support Ward’s conviction of distribution. Officer Poudrier expressly stated that he saw the seller, whom he identified as Ward, walk up to the Cl, and observed the hand-to-hand transaction. While it is not ideal that Off. Poudrier may have lost sight of the Cl for a short time while the two were traveling back to the undisclosed location, the jury’s finding that Ward was the individual who sold the cocaine to the Cl was reasonable under Jackson, based on the direct evidence presented. This assignment of error is without merit.
| ^Excessive Sentence
In his second assignment of error, Ward argues that his sentence of 25 years at hard labor, 2 years without benefits, is unconstitutionally harsh and excessive in light of the facts and circumstances of the case and his personal history. Specifically, Ward points out that this was not a crime of violence, the amount of cocaine allegedly sold was small and there is no indication that he was a dealer of large quantities of drugs. We disagree.
The trial court has wide discretion in imposing sentences within minimum and maximum limits allowed by the statute; therefore, a sentence will not be set aside as excessive unless the defendant shows the trial court abused its discretion. State v. Young, 46,575 (La.App. 2d Cir. 09/21/11), 73 So.3d 473, writ denied, 2011-2304 (La. 03/09/12), 84 So.3d 550. A trial judge is in the.best,position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. State v. Zeigler, 42,661 (La.App. 2d Cir. 10/24/07), 968 So.2d 875. The reviewing court does not determine whether another sentence would have been more appropriate, but whether the trial court abused its discretion. State v. Esque, 46,515 (La.App. 2d Cir. 09/21/11), 73 So.3d 1021, writ denied, 2011-2347 (La. 03/09/12), 84 So.3d 551.
An appellate court utilizes a two-pronged test in reviewing a sentence for excessiveness. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La. 1983); State v. Lathan, 41,855 (La.App. 2d Cir. 02/28/07), 953 So.2d 890, writ denied, 2007-0805 (La. 03/28/08), 97 So.2d 297. Where the defendant’s motion to reconsider sentence alleges mere 'excessiveness of sentence, on appeal the reviewing court is limited to considering whether the sentence is constitutionally excessive. La. C. Cr. P. art. 881.1; State v. Mims, 619 So.2d 1059 (La. 1993); State v. Boyd, 46,321 (La.App. 2d Cir. 9/21/11), 72 So.3d 952.
A sentence violates La. Const. Art. I, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La. 1993); State v. Bonanno, 384 So.2d 355 (La. 1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to *234 society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La. 01/15/02), 805 So.2d 166; State v. Robinson, 40,983 (La.App. 2d Cir. 01/24/07), 948 So.2d 379.
Louisiana R.S. 40:967B(4)(b) provides that a person convicted of distribution of cocaine:
Shall be sentenced to a term of imprisonment at hard labor for not less than two years nor more than thirty years, with the first two years of said sentence being without benefit of parole, probation, or suspension of sentence; and may, in addition, be sentenced to pay a fine of not more than fifty thousand dollars.
At sentencing, the trial court reviewed the presentence- investigation report (“PSI”) prepared before Ward’s sentencing hearing. The trial court noted that, in connection with the PSI, Ward was interviewed and maintained that this entire case did not involve him. During his PSI interview, Ward stated the Cl was not a Cl, but, rather, lived at 324 Montgomery Street and already “had the drugs on him.” Ward also stated he is addicted to cocaine and requested probation and inpatient treatment for his addiction.
9The trial court also reviewed Ward’s extensive criminal history, which includes several convictions for simple battery, a conviction for attempted manslaughter, and a myriad of drug-related convictions. Ward has previously been referred to drug court connected to past convictions for possession of cocaine. He has been arrested for domestic abuse, but his girlfriend refused to testify against him. The trial court noted that Ward joined a street gang during his teenage years, obtained his GED while incarcerated on an unrelated charge, and his employment history is scant. Ward has never been married, but has two children. He takes medication for a congenital brain disorder that causes seizures, and has received disability payments for years. The trial court further noted that Ward is considered a third-felony offender, who consistently denies any guilt, and has a history of violent behavior and drug-related activity. Ultimately, it concluded that Ward is a “potential serious threat to public safety,” and found that a lesser sentence would deprecate the seriousness of the offense.
Considering the facts of this case and this particular defendant, the sentence imposed by the trial court does not shock the sense of justice, nor is it grossly disproportionate to the severity of the offense. The trial court considered the facts of this case, the information in the PSI, and the sentencing guidelines set forth in La. R.S. 40:967B(4)(b), and it has not abused its discretion. Ward’s sentence is not constitutionally excessive, and this assignment of error is without merit.
CONCLUSION
For the foregoing reasons, the conviction and sentence of Gerald Bernard Ward is affirmed.
AFFIRMED.