DREW, J.
| Cedric Lynn Harvey was convicted of simple burglary, in violation of La. R.S. 14:62. He was sentenced to 16 years at hard labor as a third-felony habitual offender. We affirm the conviction. We amend the sentence to require that it be served without benefit of probation or suspension of sentence, as per statute.
FACTS
Shreveport Police Officer Tina Howes testified:
• she responded to a call from John Pickens Clothiers (“the store”) in the early morning hours of January 14, 2014;
• she noticed a broken window on the southeast comer of the building;
• she found a loose brick inside the building;
• backup arrived and the store was searched;
• no one was found inside the building at that time;
• she took photographs at the scene; and
*69 • she had no other involvement in the case.
John Pickens (“Pickens”), the store owner, testified:
• he received a phone call from his security company alerting him that the alarm and motion detector had been activated at the store;
• he immediately went to the store and found the broken window;
• Shreveport police officers were already there;
• missing were a leather briefcase, several pairs of blue jeans, and other sportswear, all valued at $5,000, including the damages to the store;
• he had never met the defendant; and
• the store had operable video cameras, and he gave the tapes to the police.
laShreveport Police Officer Robert Cerami testified:
• earlier on the night of January 13, 2014, he responded to a “suspicious persons” call at the intersection of Thornhill Avenue and Abilene Street;
• he spoke with Cedric Harvey and a black female;
• he verified the man’s identity using a statewide database, which yielded a photograph of the individual, and which showed no outstanding warrants;
• he briefly detained the two subjects and then released them;
• he later received a call regarding the alarm at the store;
• he was driving down Pierremont Road toward the store when he was notified that Officer Howes had arrived at the store, so he proceeded to Fairfield Avenue to set up a perimeter of the crime scene;
• he then saw the same two people he had seen earlier than night;
• as the couple was at the comer of Fairfield Avenue and Evangeline Place, only two blocks from the crime scene, he approached them;
• the couple split up, with the male walking east on Evangeline Place and the female walking south on Fairfield Avenue;
• he activated his lights and the male began running;
• though it was about 3:00 a.m., the street was well-lighted and he could see that the man was wearing a dark, windbreaker-type jacket with a hood;
• the man was bald, approximately 6'8" tall, and weighed 180 lbs;
• he got a good look at the man’s face before the chase began;
• he exited his vehicle, held the female for approximately 10 seconds until another officer arrived, then pursued the defendant until K-9 officers arrived;
• during the pursuit, the defendant dropped a brown handbag and blue jeans;
• he turned over his interview card to the detective who arrived on scene; and
h* he identified the defendant in court, noting the similarities between him and the burglar depicted in the video, further noting the closeness in time and geography between the initial encounter, the crime, the flight, and the jacket being worn by the defendant that night.
Shreveport Police Officer James Til-ley testified:
• on the morning of the crime, he set up a perimeter of the crime scene;
• another officer had stopped the defendant and Dumas earlier in the night;
• that same officer saw the two in the immediate area about 10 minutes later;
*70 • the two subjects fled, and Dumas was detained;
• numerous items that had been reported as stolen from the store were recovered in the vicinity of the two suspects;
• the officer who first approached the defendant saw him drop one item;
• detectives returned to the store on the day after the burglary, viewed the surveillance video, and identified. Harvey;
• he did not arrest or Mirandize the defendant; nor did he know whether any of the stolen goods was found on the defendant; and
• he did not know whether an arrest warrant had been issued.
After a two-day trial, the defendant was convicted of simple burglary.
A third-felony habitual offender bill of information was timely filed.
In a pro se motion[1] for post-verdict judgment of acquittal, adopted by defense counsel, the defendant argued:
• the police came onto his private property, arrested him without a warrant or probable cause, and failed to advise him of his Miranda rights;
• the arresting officer falsified an arrest report, which stated that the defendant was observed on surveillance video stealing items from John Pickens Clothiers;
J» during the preliminary examination, the testifying officer could not identify him and the arresting officer never testified;
• the evidence presented was insufficient to support his conviction;
• the state withheld exculpatory evidence; and
• the state engaged in malicious prosecution.
The defendant requested permission to represent himself in all further proceedings because he did not believe that his attorney would adopt his other motions that he wished to be filed on his behalf. The trial denied all pro se motions, though the defendant was allowed first to argue the motions on his own behalf, without adoption by defense counsel. The defendant was allowed to keep his lawyer for purposes of the habitual offender adjudication. He was subsequently adjudicated a third-felony habitual offender and sentenced as noted above.
DISCUSSION
Assignment of Error: Insufficiency of Evidence
The defendant argues that the state failed to prove that he was the individual who committed the crime. He contends that there were no fingerprints, no DNA evidence, no eyewitnesses, and no clear video linking him to the burglary.
The state argues that the testimony of Officer Cerami established the identity of the perpetrator. The officer had a prior encounter with Harvey hours before the burglary. The officer found the defendant two blocks fi’om the store within minutes of the burglary, at which time the defendant was carrying a leather bag which had just been stolen from the store. Worst of all, the defendant fled from the officer for no apparent reason. The state | ¿argues that the circumstances were sufficient for *71 a reasonable trier of fact to conclude that the state got the right man. We agree.
The standard of appellate review for a sufficiency evaluation is well settled.[2]
For this conviction to be upheld, the record must establish that the state proved beyond a reasonable doubt all of the elements of simple burglary. The breaking of a window to gain entry demonstrates that Harvey intended to enter the premises. The event occurred around 3:00 a.m., at | ¿which time the store was closed for business. Pickens testified that he is the owner of the store and he did not know the defendant. Pickens further testified that a leather briefcase, several pairs of blue jeans, and other clothing items were stolen from the store. The video footage showed the briefcase being removed from the front window of the store by the perpetrator. The evidence was sufficient for a rational trier of fact to conclude that Harvey entered the store without authority and with the intent to commit a theft. Simple burglary was proven beyond a reasonable doubt.
Especially damning to the position of the defendant was the testimony of Officer Cerami, who saw the defendant hours before the burglary, and mere minutes after the burglary, just a couple of blocks away from the crime scene, with items stolen during the crime.
*72 The officer carefully viewed video surveillance footage of the crime and concluded that Harvey was the burglar, to a reliability factor of 100%.
Viewing the evidence in the light most favorable to the prosecution, a reasonable trier of fact could have found that the state presented sufficient evidence at trial to establish the essential elements of simple burglary beyond a reasonable doubt and to negate any reasonable probability of mis-identifícation. The evidence presented at trial was clearly sufficient to sustain the conviction.
Pro Se Assignment of Error: Alleged unlawful arrest/seizure
The defendant has filed a pro se assignment of error, alleging:
• because the arresting officer did not have an arrest warrant or probable cause to arrest, his initial arrest was illegal;
• an officer came to his home on January 22, 2014, without probable cause or a warrant, to make the arrest and failed to advise him of his Miranda rights;
[?• the arresting officer was not named, and did not testify, at the preliminary examination or at the trial;
• the state lacked probable cause to prosecute;
• the only evidence adduced at the preliminary examination was hearsay evidence, which was not based upon any facts; and
• the trial court failed to Boykinize him after the preliminary examination.
All pleas or defenses raised before trial, other than mental incapacity to proceed, or pleas of “not guilty” and of “not guilty and not guilty by reason of insanity,” shall be urged by a motion to quash. La. C. Cr. P. art. 531. The failure of a defendant to file a motion to quash or to object to any error relative to his arrest in the trial court fails to preserve such argument for appeal. State v. Alexander, 12-807 (La.App. 5 Cir. 5/16/13), 118 So.3d 1138, writ denied, 2013-1454 (La. 1/10/14), 130 So.3d 320; La. C. Cr. P. art. 841(A).
Any issue concerning probable cause to charge a defendant with an offense at the preliminary examination is moot after conviction. La. C. Cr. P. arts. 296, 298. An evidentiary shortfall to establish probable cause at the preliminary examination entitles the defendant to only relief from custody or bail and does not prevent the state from proceeding against him. State v. Turner, 46,683 (La.App. 2 Cir. 12/14/11), 82 So.3d 449, writ denied, 2012-0165 (La. 6/22/12), 91 So.3d 965.
The Constitution requires that a lawful guilty plea must reflect that the defendant was informed of and waived his constitutional right against compulsory self-incrimination, the right to trial by jury, and the right to confront one’s accusers. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State v. Gay, 48,832 (La.App. 2 Cir. 2/26/14), 136 So.3d 919, writ denied, 2014-0605 (La. 10/24/14), 151 So.3d 600. This defendant did not plead guilty; he was convicted by a petit jury.
No pretrial motion to quash or any other objection relative to Harvey’s arrest is contained in this record. It is unclear whether an arrest warrant was obtained in this case. The officer who testified at the preliminary examination was not the arresting officer. The arrest report and offense report indicate that Harvey was arrested on the corner of Natalie and Dow-dell Streets, not at or in his residence. The minutes do not reflect that any pretrial motions were filed, other than motions for discovery and bond reduction. We can find no pretrial rulings related to *73 the legality of Harvey’s arrest. It does not appear that any issue related to the arrest has been preserved for appeal. Furthermore, none of the above matters in the slightest.
Just as ridiculous is the defendant’s argument that the state lacked probable cause to prosecute, which is also moot after conviction. A jury found that this crime was proven beyond a reasonable doubt.
Error Patent: The trial court failed to impose the defendant’s sentence without the benefit of probation or suspension of sentence.
An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review. La. C. Cr. P. art. 882. At the time of the offense, La. R.S. 15:529.1 provided, in pertinent part:
(3) If the third felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life then:
(a) The person shall be sentenced to imprisonment for a determinate term not less than two-thirds of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction.
nmLl' * #
G. Any sentence imposed under the provisions of this Section shall be at hard labor without benefit of probation or suspension of sentence.
Harvey was sentenced, as a third-felony offender, to 16 years at hard labor. The trial court did not impose Harvey’s sentence without the benefit of probation or suspension of sentence, as mandated by La. R.S. 15:529.1(G). We accordingly amend the sentence to require that it be served without benefit of probation or suspension of sentence.
DECREE
The conviction is affirmed. The sentence is amended to require that the sentence be served without benefit of probation or suspension of sentence,
CONVICTION AFFIRMED AND SENTENCE AMENDED.
APPLICATION FOR REHEARING
Before WILLIAMS, DREW, LOLLEY, PITMAN and COX, JJ.
Rehearing denied.

. The motion was denied in open court, without argument, on August 24, 2015, with the trial court noting that “in the motion Mr. Harvey reallege[d] certain objections to his arrest. Those matters [were] preserved for appeal, but the court ruled on those matters pretrial and did not see the need to disturb any rulings about any evidence or arrest that was conducted illegally.”

. The standard is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Tate, 2001-1658 (La. 5/20/03), 851 So.2d 921, cert. denied, 541 U.S. 905, 124 S.Ct. 1604, 158 L.Ed.2d 248 (2004); State v. Ward, 50,872 (La.App. 2 Cir. 11/16/16), 209 So.3d 228. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. Ward, supra; State v. Dotie, 43,819 (La.App. 2 Cir. 1/14/09), 1 So.3d 833, writ denied, 2009-0310 (La. 11/6/09), 21 So.3d 297. The appellate court does not assess the credibility of witnesses or reweigh evidence. Ward, supra, State v. Smith, 94-3116 (La. 10/16/95), 661 So.2d 442. A reviewing court accords great deference to a jury’s decision to accept or reject the testimony of a witness in whole or in part. Ward, supra; State v. Eason, 43,788 (La.App. 2 Cir. 2/25/09), 3 So.3d 685, writ denied, 2009-0725 (La. 12/11/09), 23 So.3d 913.
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La. 1983); Ward, supra; State v. Speed, 43,786 (La.App. 2 Cir. 1/14/09), 2 So.3d 582, writ denied, 2009-0372 (La. 11/6/09), 21 So.3d 299. La. R.S. 14:62 defines simple burglary as “the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, or any cemetery, with the intent to commit a felony or any theft therein.”
When a defendant claims that he was not the person who committed the crime, the Jackson rationale requires that the state negate any reasonable probability of misidentifi-cation in order to carry its burden of proof. State v. Percy, 48,922 (La.App. 2 Cir. 4/9/14), 137 So.3d 184; State v. Hughes, 2005-0992 (La. 11/29/06), 943 So.2d 1047; State v. Neal, 2000-0674 (La. 6/29/01), 796 So.2d 649. In the absence of internal contradiction or irreconcilable conflict with physical evidence, the testimony of one witness, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Nelson, 44,762 (La.App. 2 Cir. 10/28/09), 25 So.3d 905; Percy, supra; Neal, supra. Such testimony alone is sufficient even where the state does not introduce medical, scientific or physical evidence to prove the commission of the offense by the defendant. Nelson, supra.