Judgment rendered December 14, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 54,847-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

BERNARD GRANT A/K/A                         Appellant
LUCIUS B. CUMMINGS

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 377,600

Honorable Erin Leigh Waddell Garrett, Judge

* * * * *

LOUISIANA APPELLATE PROJECT              Counsel for Appellant
By:  Holli Ann Herrle-Castillo

BERNARD GRANT                            Pro Se

JAMES E. STEWART, SR.                    Counsel for Appellee
District Attorney

ERICA N. JEFFERSON
TOMMY J. JOHNSON
ROSS S. OWEN
Assistant District Attorneys

* * * * *

Before MOORE, STONE, and THOMPSON, JJ.

**STONE, J.**

This criminal appeal comes from the First Judicial District Court, the Honorable Judge Erin Leigh Garrett, presiding. The defendant, Bernard Grant a/k/a Lucius B. Cummings ("the defendant"), was charged with three drug charges and two firearm charges. A unanimous jury found the defendant guilty as charged on all five counts. The trial court ordered the sentences to run concurrent with each other, resulting in a total sentence of 20 years, but consecutive to any other sentence that the defendant might be serving. The defendant now appeals his conviction and sentence, arguing that the state failed to sufficiently prove that he was guilty of possession of the drugs and firearm found in his motel room; the trial court failed to observe the 24-hour delay between the denial of the motion for new trial and motion for post-verdict judgment of acquittal and sentencing; and the sentence imposed is excessive. For the following reasons, we affirm the defendant's convictions, vacate the sentences, and remand the matter to the trial court for further proceedings.

## FACTS AND PROCEDURAL HISTORY

On August 4, 2020, Detective Richard Turpin ("Det. Turpin"), of the Shreveport Police Department ("SPD"), was conducting a follow-up investigation involving a stolen GMC Yukon Denali.[1] Det. Turpin located the vehicle in the parking lot of the Cajun Inn motel in front of room 122. He retrieved a printout from the desk clerk as to the occupant of the room. Det. Turpin and another officer knocked on the door of room 122, and the

---

[1] In July 2020, the defendant's ex-girlfriend filed a complaint with the SPD and reported that the defendant carjacked her after beating her with a gun. Det. Turpin was not the original officer who responded to the call.

defendant opened the door. Both officers identified themselves and showed their badges.[2] The defendant identified himself as the occupant of the room and further confirmed his name and alias. The defendant allowed the officers to enter the room. Det. Turpin explained to the defendant that they were investigating a report of a carjacking that involved the vehicle parked outside his room. Det. Turpin advised the defendant of his rights per *Miranda* before he questioned him, and the defendant expressed that he understood his rights. The defendant voluntarily responded to questions regarding the name of the owner of the vehicle and informed Det. Turpin that the keys to the vehicle were on the table.[3] When Det. Turpin went to retrieve the keys from the table, he noticed in plain view, plastic baggies scattered on the bed that appeared to contain methamphetamine.

Det. Turpin proceeded to handcuff the defendant. He asked the defendant if the drugs belonged to him and whether there was anyone else in the room. The defendant denied that the drugs belonged to him, but stated that he was the only person in the room. The defendant consented to a search of the room, and upon further search, the officers discovered a backpack containing more methamphetamine, clear baggies containing cocaine, a plastic tray, and a digital scale. Additionally, Det Turpin discovered a loaded Ruger .22 caliber semiautomatic pistol in a duffel bag. As Det. Turpin was capturing pictures of the crime scene, he questioned the defendant about the backpack, duffel bag, clothes, drugs, and gun recovered in the room. The defendant vehemently denied that the drugs and gun belonged to him, but he confirmed that the clothing inside the duffel bag as

---

[2] The officers were not in uniform, but were dressed in plain clothes and vests.
[3] The keys were a match to the vehicle outside defendant's motel room.

well as the backpack discovered in the room were his personal property. Det. Turpin called Detective Donald Belanger, Jr. ("Det. Belanger"), a narcotics agent, to assist in the investigation.

On September 21, 2020, the defendant was charged with one count of possession with intent to distribute Schedule II CDS, 28 grams or more of methamphetamine, in violation of La. R.S. 40:967(A)(1) and (B)(1)(b), one count of illegal possession of a firearm while in possession of CDS, in violation of La. R.S. 14:95(E), and one count of possession of a firearm by a convicted felon, in violation of La. R.S. 14:95.1. On March 1, 2021, the state filed an amended bill of information, adding one count of possession with intent to distribute Schedule I CDS, less than 2 ½ pounds of synthetic marijuana, in violation of La. R.S. 40:966(A)(1) and (B)(2)(a), and adding one count of possession of Schedule II CDS, less than two grams of cocaine, in violation of La. R.S. 40:967(C)(1).[4] On May 14, 2021, the state orally amended the bill to reflect *less than 28 grams of* methamphetamine. On June 14, 2021, the state filed an amended bill adding the defendant's name, Bernard Grant, and designated the original name on the bill, Lucius Cummings, as an alias.

The defendant elected to have a jury trial. The state called a total of 5 witnesses including: Officer Joshua Isaac (responding patrol officer), Det. Turpin, Det. Belanger, Chris Burg ("Burg"), defendant's probation and parole supervisor, and Randall Robillard ("Robillard"), a forensic chemistry expert. Officers from the SPD testified about how the investigation ensued and the details of the crime scene. Det. Turpin identified the defendant as

---

[4] This misdemeanor conviction is not part of this appeal.

3

the offender, and various items seized from the date of the incident were presented as exhibits. Det. Belanger explained the instruments of distribution for the jury and all the following items: a digital scale, small baggies, firearm, and multiple drugs are consistent with intent to distribute. Burg testified that he supervised the defendant's parole for a 2005 conviction with intent to distribute Schedule II CDS. Burg further testified that the defendant was advised and aware that he was not allowed to possess a firearm and that he was currently still under parole supervision when this incident occurred. Robillard explained the process of identifying the narcotics and tested the evidence retrieved in this case; he identified the chain of custody items as methamphetamine and cocaine that were presented as exhibits. Additionally, Robillard testified that he weighed the drugs and the crime lab report was admitted as evidence. At the conclusion of the two-day trial, the defendant was found guilty of all five counts of the amended bill of information.

On August 26, 2021, the defendant filed a motion for new trial and a motion for post-verdict judgment of acquittal, both of which were denied at a hearing. On that same day, the defendant was sentenced on all counts. He was sentenced to (1) 10 years' imprisonment at hard labor for the possession with the intent to distribute Schedule II CDS, less than 28 grams of methamphetamine; (2) 10 years' imprisonment at hard labor without the possibility of probation, parole, or suspension of sentence for illegal possession of a firearm while in possession of a CDS; (3) 20 years' imprisonment at hard labor without the possibility of probation, parole, or suspension of sentence for possession of a firearm by a convicted felon; (4) 15 days in the parish jail for possession of synthetic marijuana; (5) and two

4

years' imprisonment at hard labor for possession of Schedule II CDS, less than two grams of cocaine. The sentences were ordered to run concurrent with each other, resulting in a total sentence of 20 years, but consecutive to any other sentence that the defendant might be serving.

On September 2, 2021, the defendant filed a motion to reconsider, and that motion was denied by the trial court as well. The court provided written reasons on December 2, 2021. The defendant appeals his conviction and sentence, urging the following assignments of error: (1) insufficiency of the evidence to support his conviction; (2) the defense did not waive sentencing delays; and (3) the trial court imposed an excessive sentence.

## DISCUSSION

### Sufficiency of evidence

*Drugs.* First, the defendant argues that the state presented insufficient evidence to prove beyond a reasonable doubt that he was in intentional possession of methamphetamine and cocaine. He urges that the state failed to prove that he had intent to distribute the methamphetamine and no money was found in the room. Furthermore, the defendant asserts that because the drugs were not found in the defendant's actual possession, the state was required to prove constructive possession in which it failed.

The state argues that the evidence established that the defendant was the sole occupant and registrant of room 122 at the Cajun Inn, and the defendant was the only person in the room at the time police were investigating the stolen vehicle. It urges that the drugs found in the room were in plain view for the officers to see which resulted in a further search of the room. The state points out that the search of the remainder of the room led to more drugs, the .22 Ruger pistol, digital scales, small baggies, and

5

packaging for sale indicating the intent to distribute the methamphetamine. The state also introduced testimony tending to prove that firearms and other weapons are frequently associated with narcotics and narcotic sales. Specifically, Det. Belanger testified that the defendant's possession of methamphetamine held in one large bag and in several small bags was consistent with drug trafficking, and Robillard confirmed the identity of the controlled dangerous substances as methamphetamine and cocaine.

The standard of review for the sufficiency of the evidence to uphold a conviction is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *State v. Tate*, 01-1658 (La. 5/20/03), 851 So. 2d 921, *cert. denied*, 541 U.S. 905, 124 S. Ct. 1604, 158 L. Ed. 2d 248 (2004); *State v. Ward*, 50,872 (La. App. 2 Cir. 11/16/16), 209 So. 3d 228, *writ denied*, 17-0164 (La. 9/22/17), 227 So. 3d 827. This standard, now legislatively embodied in La. C.Cr.P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the factfinder. *State v. Ward*, *supra*; *State v. Dotie*, 43,819 (La. App. 2 Cir. 1/14/09), 1 So. 3d 833, *writ denied*, 09-0310 (La. 11/6/09), 21 So. 3d 297. On appeal, a reviewing court must view the evidence in the light most favorable to the prosecution and must presume in support of the judgment the existence of every fact the trier of fact could reasonably deduce from the evidence. *Jackson*, *supra*.

The appellate court does not assess the credibility of witnesses or reweigh evidence. *State v. Smith*, 94-3116 (La. 10/16/95), 661 So. 2d 442; *State v. Ward*, *supra*. A reviewing court accords great deference to a jury's

6

decision to accept or reject the testimony of a witness in whole or in part. *State v. Ward*, *supra*; *State v. Eason*, 43,788 (La. App. 2 Cir. 2/25/09), 3 So. 3d 685, *writ denied*, 09-0725 (La. 12/11/09), 23 So. 3d 913. In the absence of internal contradiction or irreconcilable conflict with the physical evidence, the testimony of one witness, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. *State v. Burd*, 40,480 (La. App. 2 Cir. 1/27/06), 921 So. 2d 219, *writ denied*, 06-1083 (La. 11/9/06), 941 So. 2d 35.

The *Jackson*, *supra*, standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. *State v. Sutton*, 436 So. 2d 471 (La. 1983); *State v. Ward*, *supra*; *State v. Speed*, 43,786 (La. App. 2 Cir. 1/14/09), 2 So. 3d 582, *writ denied*, 09-0372 (La. 11/06/09), 21 So. 3d 299. To convict a defendant based upon circumstantial evidence, every reasonable hypothesis of innocence must be excluded. La. R.S. 15:438; *State v. Johnston*, 53,981 (La. App. 2 Cir. 9/22/21), 326 So. 3d 970.

At the time of the commission of the alleged possession with intent to distribute schedule II CDS less than 28 grams of methamphetamine, La. R.S. 40:967(A)(1) and (B)(1)(a) states, in pertinent part:

A(1)… it is unlawful for any person to knowingly or intentionally to… possess with intent to distribute, a schedule II controlled dangerous substance, such as methamphetamine

B(1)(a) Any person who violates possession with intent to distribute, a schedule II controlled dangerous substance such as methamphetamine with an aggregate weight of less than twenty-eight grams, shall be imprisoned, with or without hard labor, for not less than one year nor more twenty years…

At the time of the commission of the alleged possession with intent to distribute schedule II CDS less than two grams of cocaine, La. R.S. 40:967(C)(1) states, in pertinent part:

(C)(1)… it is unlawful for any person to knowingly or intentionally to possess, a schedule II controlled dangerous substance, such as cocaine...Any person who violates possession of a schedule II controlled dangerous substance such as cocaine with an aggregate weight of less than two grams, shall be imprisoned with or without hard labor, for not more than two years …

To convict a defendant of possession of CDS, the state must prove that the defendant knowingly possessed an illegal drug. *State v. Broome*, 49,004 (La. App. 2 Cir. 4/9/14), 136 So. 3d 979 *writ denied*, 14-0990 (La. 1/16/15), 157 So. 3d 1127. Possession may be established by showing that the defendant exercised either actual or constructive possession of the controlled dangerous substance. Actual possession means having an object in one's possession or on one's person in such a way as to have direct physical contact with and control of the object. *State v. Broome*, *supra*. The state need not prove the defendant actually possessed the drugs, as evidence of constructive possession is sufficient. *State v. Simon,* 51,778 (La. App. 2 Cir. 1/10/18), 245 So. 3d 1149, *writ denied,* 18-0283 (La. 11/5/18), 255 So. 3d 1052. Constructive possession is established by evidence that the

drugs were within the defendant's dominion and control and that the defendant had knowledge of its presence. *State v. Simon*, *supra.* Guilty knowledge is an essential element of possession of contraband and can be inferred from the circumstances. *State v. Toups*, 01-1875 (La. 10/15/02), 833 So. 2d 910; *State v. Simon*, *supra.* A defendant's mere presence in area where drugs are located or association with one possessing drugs does not constitute constructive possession. *State v. Brisban*, 00-3437 (La. 2/26/02), 809 So. 2d 923. However, proximity to the drug or association with the possessor, may establish a prima facie case of possession when colored by other evidence. *State v. Durham*, 53,922 (La. App. 2 Cir. 6/30/21), 321 So. 3d 525.

Courts use several factors to determine whether a defendant exercised dominion and control to constitute constructive possession, including: (1) the defendant's knowledge that drugs were in the area, (2) the defendant's relationship with other persons found in actual possession, (3) the defendant's access to the area where the drugs were found, (4) evidence of drug paraphernalia or of recent drug use, and (5) the defendant's physical proximity to the drugs. *State v. Durham*, *supra.* Intent to distribute illegal drugs may be established by proving circumstances surrounding the defendant's possession which give rise to reasonable inference of intent to distribute. *State v. Ramoin*, 410 So. 2d 1010 (La. 1981). The presence of large sums of cash is considered circumstantial evidence of intent to distribute. *State v. Grant*, 41,745 (La. App. 2 Cir. 4/4/07), 954 So. 2d 823 *writ denied*, 07-1193 (La. 12/7/07), 969 So. 2d 629.

Viewing the evidence in the light most favorable to the prosecution, we find that the state presented sufficient evidence at trial for a reasonable

9

jury to convict the defendant of possession with intent to distribute methamphetamine and possession of cocaine. Here, the jury heard Det. Turpin's testimony that the defendant was the only occupant of the motel room when the officers arrived and for the duration of the investigation. The methamphetamine and cocaine were in the defendant's constructive possession because he had dominion and control over the drugs as he was the only person in the room, as previously mentioned. Also, the defendant had knowledge that the drugs were in the room because Detective Turpin testified that when he went to retrieve the keys, he saw in plain view small plastic baggies strewn across the bed that appeared to be methamphetamine and that led to the discovery of cocaine in the room. As previously mentioned, Det. Belanger testified that all the following items were seized from the defendant: a digital scale, small baggies, firearm, and multiple drugs were consistent with intent and are the instruments of distribution. Robillard testified he performed the analysis on all the various dangerous substances that were items brought to the crime lab; he identified the drugs and the weight of the items. All of the state witnesses identified the defendant as the offender. The jury clearly chose to believe the officers and forensic expert testimony over that of the defendant. It is within the discretion of the trier of fact to make such credibility determination, and this court will not disturb this determination on appeal. There is no internal contradiction or conflict with the physical evidence. Thus, the evidence was sufficient to support the defendant's convictions for constructive possession of methamphetamine with intent to distribute and possession of cocaine.

*Firearm.* Second, the defendant contends that there is insufficient evidence to sustain his conviction for illegal possession of a firearm while in

possession of CDS and possession of a firearm by a convicted felon. Specifically, he asserts that the state did not prove that he had actual or constructive possession of the firearm.

At the time of the commission of the alleged illegal carrying of a firearm, La. R.S. 14:95(E) stated, in pertinent part:

> E. If the offender… possesses or has under his immediate control any firearm…while unlawfully in the possession of a controlled dangerous substance… the offender shall be… imprisoned at hard labor for not less than five nor more than ten years without the benefit of probation, parole, or suspension of sentence.

At the time of the commission of the alleged possession of a firearm by a convicted felon, La. R.S. 14:95.1 stated, in pertinent part:

> A. It is unlawful for any person who has been previously convicted of,…a felony enumerated in La. R.S. 14:2(B) to possess a firearm…
>
> B. Whoever commits the crime of possession of a firearm by a convicted felon shall be imprisoned at hard labor for not less than five nor more than twenty years without the benefit of probation, parole, or suspension of sentence...

The State can prove possession of a firearm by a convicted felon by either actual or constructive possession. *State v. Anderson*, 36,969 (La. App. 2 Cir. 4/9/03), 842 So. 2d 1222. Actual possession necessitates having an object in one's possession or on one's person in such a manner as to have direct physical contact with and control of the object. *State v. Hill*, 53,286 (La. App. 2 Cir. 3/4/20), 293 So. 3d 104. The state is not required to prove actual possession, as evidence of constructive possession is sufficient. *State v. Simon*, *supra*. Constructive possession is demonstrated when the state shows the firearm was subject to defendant's dominion and control. *State v. Washington*, 605 So. 2d 720 (La. App. 2 Cir. 1992), *writ denied*, 610 So. 2d 817 (La. 1993). A defendant's dominion and control over a weapon

11

constitutes constructive possession even if it is only temporary in nature and even if the control is shared. *State v. Washington, supra*.

At trial, it was established that the items seized in the investigation were CDS as Robillard, the forensic expert, testified. Burg testified that he was the defendant's probation and parole supervisor. He testified that the defendant was convicted of possession with intent to distribute, and was paroled for that crime on October 16, 2019, and was currently on probation and parole when this incident occurred. The defendant had dominion and control of the drugs and firearm because as previously mentioned, the defendant was the only person in his motel room when the detectives arrived and during the investigation. The testimonies were sufficient evidence that the defendant had constructive possession of the handgun and narcotics found in his motel room to support his convictions. A rational trier of fact could conclude that the evidence established the defendant's guilt beyond a reasonable doubt. This assignment of error lacks merit and is rejected.

**Sentencing Delay**

In his second assignment of error, the defendant argues that his sentence should be vacated because the trial court failed to wait the requisite 24-hour delay after the denial of the motion for new trial and motion for judgment of acquittal before sentencing him. The state concedes that failure to observe the 24-hour delay is not a harmless error.

La. C.Cr.P. art. 873 provides, in pertinent part:

> If a defendant is convicted of a felony, at least three days shall elapse between conviction and sentence. If a motion for a new trial, or in arrest of judgment is filed, sentence shall not be imposed until at least twenty-four hours after the motion is overruled. If the defendant expressly waives a delay provided for in this article or pleads guilty, sentence may be imposed immediately.

12

In *State v. Kisack,* 16-0797 (La. 10/18/17), 236 So. 3d 1201, the Louisiana Supreme Court held that the delay may not be implicitly waived but must be explicitly waived on the record. In *State v. Augustine*, 555 So. 2d 1331 (La. 1990), the Louisiana Supreme Court held that a trial court's failure to observe the 24-hour delay is not harmless error if the defendant challenges the sentence on appeal.

Here, the trial court denied the defendant's motions for post-verdict judgment of acquittal and new trial during the same hearing at which the defendant was sentenced. Sentencing occurred immediately after the denial of defendant's motions. Consequently, the trial court did not observe the required 24-hour delay between denying the defendant's motions for new trial and post-verdict judgment of acquittal and imposing the defendant's sentence. Furthermore, defense counsel implicitly waived the delay when he responded in the affirmative that he was ready for sentencing, but an implicit waiver runs afoul of the plain language of La. C.Cr.P. art. 873 that requires that the waiver be expressly made. The record reflects that the defendant did not expressly waive the delays. Neither the court nor defense counsel advised the defendant that he had the right to wait 24-hours before sentencing. Accordingly, we are required to vacate the sentences and remand this matter for resentencing for compliance with La. C. Cr. P. art. 873. As such, we pretermit consideration of the third assignment of error which raises the issue of excessive sentence.

## CONCLUSION

For the foregoing reasons, we affirm the defendant's convictions. However, the sentences are vacated and remanded for resentencing.

**CONVICTIONS AFFIRMED; SENTENCES VACATED; CASE REMANDED FOR RESENTENCING.**