MARION F. EDWARDS, Judge.
 

 1 j>Defendant/appellant, Albert Mitchell (“Mitchell”), brings this appeal from his conviction and sentence on a charge of possession of cocaine. We affirm.
 

 The State brought three criminal charges against Mitchell. In a bill of information filed on September 27, 2007, Mitchell was charged with possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1 and with possession of cocaine in violation of La. R.S. 40:967(C). Mitchell was also charged with possession of marijuana, a misdemeanor. A plea of not guilty was entered in Mitchell’s absence at arraignment, although it is not clear from the record before us which charges were included in that plea.
 

 
 *1124
 
 In due course, Mitchell went before a jury to be tried only on Count 2, possession of cocaine.
 
 [1]
 
 He was convicted and sentenced to serve five years of imprisonment at hard labor. The trial judge heard the trial of the misdemeanor possession of marijuana simultaneously with the jury trial on the possession of Rcocaine charge. Mitchell was found guilty and sentenced to serve six months on that charge. Two motions for appeal were filed and granted. However, subsequently, Mitchell filed a motion in this Court to dismiss the appeal on the misdemeanor conviction of marijuana and requested time to file an application for writs of review in that matter. That motion was granted in accordance with La.C.Cr.P. art. 912.1.
 
 [2]
 
 Thus, the only matters presented to this Court for review are the conviction and sentence on Count 2 of the bill of information, possession of cocaine, and the five-year sentence imposed as a result of that conviction.
 

 FACTS
 

 On August 81, 2007, Detective Harold Bourgeois of the Jefferson Parish Sheriffs Office Narcotics Division was working with Sergeant Todd Vignes and Lieutenant John Ladd. The three officers were patrolling for street-level narcotics in the Bunch Village area of Jefferson Parish. Bunch Village has been designated by the federal government as a high-crime, high-drug area, and the officers were patrolling the area in support of a federal grant called “Project Safe Neighborhood.” The officers drove an unmarked Ford Explorer and were outfitted in jeans, JPSO T-shirts, and bulletproof vests. They were traveling on South Sibley Street following a white F-150 Ford truck that was the target of a drug investigation. When the officers observed the driver of the truck disregard a stop sign, Detective Bourgeois turned on the siren and lights and stopped the truck for the violation. All three officers got out of their vehicle and approached the truck. As he approached, Detective Bourgeois observed the driver, later identified as Mitchell, bend down toward the floorboard of the truck. At this point, Detective Bourgeois became concerned that Mitchell was reaching for a weapon or attempting to conceal contraband. The detective ordered Mitchell to get out of the |4truck “with his hands high.” Mitchell complied. Detective Bourgeois, still concerned that Mitchell may have a weapon, observed that one of Mitchell’s hands was clenched in a fist. The detective ordered Mitchell to open his hands. At first Mitchell refused, but he later opened his hand to reveal a clear plastic bag filled with off-white, rock-like objects consistent with crack cocaine. A preliminary field test of the off-white substance proved positive for cocaine. Detective Bourgeois also smelled the scent of marijuana on Mitchell’s clothing. After Mitchell was placed under arrest, Lieutenant Ladd conducted a search of the F-150.
 

 During his search of the truck, Lieutenant Ladd retrieved a partially smoked cigar containing green vegetable material, which was consistent with, and subsequently field-tested positive for, marijuana. Detective Bourgeois observed a fresh smell of marijuana inside the vehicle.
 

 Carissa Campbell, a forensic chemist with the Jefferson Parish Sheriffs Office, testified as an expert in the testing and analysis of controlled dangerous substances. Her testimony confirmed the fact that the substances found in the truck driven by Mitchell were cocaine and marijuana.
 

 
 *1125
 
 Mitchell testified at trial. He admitted that he was driving a white F-150 on August 31, 2007, that he was stopped by the police in the Bunch Village area near Calhoun Street, and that the police ordered him out of the vehicle in connection with the stop. However, he denies the allegations that he disregarded a stop sign and that he was holding cocaine when he got out of his truck. Mitchell testified that he rented the truck from “Mark.” Mitchell did admit he had been riding in the vehicle and smoking crack cocaine with Mark earlier; however, Mitchell testified that he had no knowledge that the drugs were located in the vehicle and that the police were lying about finding the cocaine in his hand.
 

 IsMitchell also testified that, when he was initially stopped, one of the officers called him by name and asked him where he had gotten the vehicle. Shortly thereafter, the owners of the vehicle were brought to the location to identify the vehicle and, once the officers found out he was in possession of a stolen vehicle, they handcuffed him.
 
 [3]
 
 Mitchell stated that, after he was placed in the police car, the officers searched the F-150 and then approached him with the contraband. Mitchell also testified that a heavy-set Spanish officer told him that if he said “certain things that they would drop the charges.” Mitchell maintains that the officers appeared interested in obtaining information from him about Mark and that “the whole situation was about the car and the guy.”
 

 On re-direct, Detective Bourgeois refuted Mitchell’s testimony. The detective denied that officers were seeking information pertaining to a white man named Mark and that they attempted to obtain information from Mitchell about a man named Mark.
 

 Finally, Mitchell admitted at trial that he had prior convictions, including possession of stolen property in 1994; possession with intent to distribute cocaine in 1996; burglary of an inhabited dwelling in 1998; and possession of cocaine in 2004.
 

 LAW AND ANALYSIS
 

 In his brief to this Court, Mitchell assigns one error for our review, in which he asserts the evidence presented at trial was insufficient to convict him of possession of cocaine. Specifically, Mitchell argues the State failed to prove beyond a reasonable doubt that he knowingly and intentionally possessed cocaine. Contrary to the testimony offered by Detective Bourgeois at trial, Mitchell asserts that the cocaine was found in the truck he had rented, not on his person, and that he | ,;had no knowledge that there were drugs in the vehicle. Mitchell argues that the State failed to present sufficient evidence that he knew about or was intentionally in possession of the cocaine.
 

 Mitchell further argues that, because the State failed to negate at least one reasonable hypothesis of innocence (i.e., that he borrowed the truck and the cocaine and marijuana were in the truck without his knowledge), his conviction cannot stand. He contends that his testimony is corroborated by the evidence, arguing that there was no corroboration of Detective Bourgeois’ testimony even though there were other officers present during the incident who could have offered corroborating testimony at trial.
 

 The State responds that the record reflects evidence and testimony that Mitchell knowingly and intentionally possessed cocaine. The State argues that, though contradictory testimony was provided by De
 
 *1126
 
 tective Bourgeois and Mitchell as to where the cocaine was located, the credibility of witnesses is within the sound discretion of the trier of fact and may not be reweighed on appeal. The State argues that the jury rejected Mitchell’s alternative hypothesis, finding the testimony of the State’s witnesses to be more credible. The State contends that, based upon the testimony of Detective Bourgeois and Carissa Campbell, the jury could have reasonably concluded that the cocaine was in the knowing and intentional possession of Mitchell.
 

 The constitutional standard for testing the sufficiency of the evidence is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.
 
 [4]
 
 Under this standard, a review of a criminal conviction record for sufficiency of evidence does not require the court to ask whether it |7believes that the evidence at the trial established guilt beyond a reasonable doubt.
 
 [5]
 
 Rather, the reviewing court is required to consider the whole record and determine whether any rational trier of fact would have found guilt beyond a reasonable doubt.
 
 [6]
 

 Mitchell was convicted of possession of cocaine. “It is unlawful for any person knowingly or intentionally to possess a controlled dangerous substance as classified in Schedule II....”
 
 [7]
 
 Cocaine is classified in Schedule II as a controlled dangerous substance.
 
 [8]
 

 To support a conviction for possession of cocaine, the State must prove that the defendant was in possession of the cocaine and that he knowingly possessed it.
 
 [9]
 
 The element of possession may be established by showing that the defendant exercised either actual or constructive possession of the controlled dangerous substance.
 
 [10]
 
 Guilty knowledge is an essential element of the crime of possession of contraband, and such knowledge may be inferred from the circumstances.
 
 [11]
 

 At trial, the jury was confronted with conflicting testimony offered by Detective Bourgeois and Mitchell. When the trier of fact is confronted by conflicting testimony, the determination of that fact rests solely with that judge or jury, who may accept or reject, in whole or in part, the testimony of any witness.
 
 [12]
 
 It is not the function of the appellate court to assess the credibility of witnesses or to reweigh the evidence absent impingement on the fundamental due process of law.
 
 [13]
 

 |sThe reviewing court is not required to determine whether another possible hypothesis of innocence suggested by a defendant offers an exculpatory explanation of events. Rather, the reviewing court must determine whether the possible alternative hypothesis is sufficiently reasonable
 
 *1127
 
 that a rational juror could not have found proof of guilt beyond a reasonable doubt.
 
 [14]
 

 Given the above law and the testimony offered at trial, we do not find merit in Mitchell’s arguments. The jury clearly found Detective Bourgeois’ testimony to be more credible than Mitchell’s. Further, we do not find the possible alternative hypothesis offered to the jury — that Mitchell rented the truck from “Mark,” and that, although Mitchell used cocaine and marijuana with Mark, Mitchell did not know drugs were in the truck — sufficiently reasonable to find that a rational juror could not have returned a verdict of guilty beyond a reasonable doubt.
 

 We find no merit in this assignment of error.
 

 Mitchell requests an error patent review. Upon review we find that, although the minute entry/commitment indicates that an advisal was given regarding the two-year prescriptive period for seeking post-conviction relief under La.C.Cr.P. art. 930.8, a review of the trial transcript reveals that the trial judge did not advise Mitchell of the prescriptive period. When there are discrepancies between the trial transcript and the minutes, the transcript prevails.
 
 [15]
 

 With this opinion, we hereby advise Mitchell, defendant herein, that no application for post-conviction relief, including an application which seeks an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final.
 
 [16]
 
 We further order the trial court to correct the commitment to reflect that Mitchell was not informed of the | apre s criptive period for seeking post-conviction relief so as to maintain consistency with the trial transcript.
 

 As previously mentioned in this opinion, it is unclear from the record whether Mitchell’s not guilty plea at his arraignment on October 9, 2007, was in regard to Count 1 of the bill of information (possession of a firearm by a convicted felon), Count 2 of the bill of information (possession of cocaine), or both. The law requires that a defendant charged with a felony shall be present at arraignment and when a plea is given.
 
 [17]
 
 However, failure to arraign the defendant or the fact that he did not plead is waived if the defendant enters the trial without objecting thereto. In such a case, it shall be considered as if he had pled not guilty.
 
 [18]
 
 Accordingly, no action from this Court is required.
 

 For the foregoing reasons, Mitchell’s conviction and sentence are confirmed. Mitchell is hereby advised that no application for post-conviction relief, including an application which seeks an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final. This matter is remanded to the trial court with an order to correct the minute entry/eom-mitment to reflect the transcript as instructed in this opinion.
 

 AFFIRMED; REMANDED WITH ORDER.
 

 [1]
 

 . The record does not indicate if the firearm charge was dropped or severed.
 

 [2]
 

 .
 
 State v. Mitchell,
 
 09-969 (La.App. 5 Cir. 12/7/09).
 

 [3]
 

 . Defendant was initially arrested for possession of a stolen vehicle in addition to the drug possession charges, but this charge was not pursued.
 

 [4]
 

 .
 
 Jackson v. Virginia,
 
 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
 

 [5]
 

 .
 
 State v. Jones,
 
 08-20 (La.App. 5 Cir. 4/15/08), 985 So.2d 234, 240.
 

 [6]
 

 .
 
 Id.
 
 at 240.
 

 [7]
 

 . La. R.S. 40:967(C).
 

 [8]
 

 . La. R.S. 40:964.
 

 [9]
 

 .
 
 State v. Ruffin,
 
 96-226 (La.App. 5 Cir. 8/28/96), 680 So.2d 85, 87.
 

 [10]
 

 .
 
 State v. Proctor,
 
 04-1114 (La.App. 5 Cir. 3/29/05), 901 So.2d 477, 482.
 

 [11]
 

 .
 
 Id.
 

 [12]
 

 .
 
 State v. Bailey,
 
 04-85 (La.App. 5 Cir. 5/26/04), 875 So.2d 949, 955,
 
 writ denied,
 
 04-1605 (La. 11/15/04), 887 So.2d 476,
 
 cert. denied,
 
 546 U.S. 981, 126 S.Ct. 554, 163 L.Ed.2d 468 (2005).
 

 [13]
 

 .
 
 Id.
 

 [14]
 

 .
 
 State v. Mitchell,
 
 99-3342 (La. 10/17/00), 772 So.2d 78, 83.
 

 [15]
 

 .
 
 State v. Lynch,
 
 441 So.2d 732, 734 (La. 1983).
 

 [16]
 

 .
 
 See,
 
 La.C.Cr.P. art 930.8.
 

 [17]
 

 . La.C.Cr.P. art. 831(A).
 

 [18]
 

 .State v.
 
 Johnson,
 
 04-0178 (La.App. 4 Cir. 12/8/04), 892 So.2d 28, 32,
 
 writ denied,
 
 05-0087 (La.4/22/05), 899 So.2d 556,
 
 cert. denied,
 
 546 U.S. 892, 126 S.Ct. 211, 163 L.Ed.2d 207 (2005).