Judgment rendered January 10, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 55,441-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

FLENORY FRAZIER, III                        Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 383,460

Honorable Erin Leigh Waddell Garrett, Judge

* * * * *

LOUISIANA APPELLATE PROJECT            Counsel for Appellant
By: Holli Herrle-Castillo

JAMES E. STEWART, SR.                  Counsel for Appellee
District Attorney

ROSS S. OWEN
JOHN C. PHILLIPS
Assistant District Attorneys

* * * * *

Before COX, THOMPSON, and MARCOTTE, JJ.

MARCOTTE, J.

This appeal arises from the First Judicial District Court, Parish of Caddo, the Honorable Erin Leigh Garrett presiding. Defendant, Flenory Frazier, III, was convicted of one count of possession with intent to distribute marijuana, one count of possession of a firearm while in possession of marijuana, and one count of possession of a firearm by a convicted felon. Frazier was sentenced to 10 years at hard labor for his possession with intent to distribute marijuana conviction, 10 years at hard labor without benefits for his illegal carrying of weapons conviction, and 16 years at hard labor without benefits for his possession of a firearm by a convicted felon conviction. All of these sentences were ordered to run concurrently. In addition, Frazier was sentenced to 400 days in parish jail in lieu of a $1,000 fine for the felon with a firearm conviction, which was ordered to run consecutively.

Defendant now appeals both his convictions and sentences, arguing that the evidence was insufficient to show he ever had possession of the marijuana and that the sentences imposed were constitutionally excessive and illegal. For the following reasons, we affirm defendant's convictions and sentences but modify the sentence for the possession of a firearm by a convicted felon conviction to delete the imposition of jail time in lieu of a fine.

## FACTS

On July 21, 2021, Frazier was charged by bill of indictment with: (1) Count one: possession with intent to distribute marijuana in an amount less than 2 ½ pounds, in violation of La. R.S. 40:966(A)(1); (2) Count two: possession of a firearm while in possession of more than 14 grams of

marijuana, in violation of La. R.S. 14:95(E); and (3) Count three: possession of a firearm by a convicted felon, in violation of La. R.S. 14:95.1. All three counts occurred on June 11, 2021.

Following the empaneling of a 12-member jury, a jury trial was held on November 14-15, 2022. Probation Officer Sherry Cone ("Off. Cone") with the Department of Corrections Division of Probation and Parole testified. Off. Cone testified that on June 11, 2021, she was working in the field with another probation officer, Anna Winterton ("Off. Winterton"), when they received an anonymous telephone tip that Frazier was at the Rocket Car Wash in Shreveport and in possession of a large quantity of marijuana and a weapon. At the time, Frazier was on probation from a felony conviction of possession with intent to distribute over two grams of cocaine that occurred less than two months prior to this incident.

Off. Cone called for backup (four other probation officers), which arrived at the carwash at approximately the same time as Off. Cone and Off. Winterton. As Off. Cone and Off. Winterton approached Frazier, he asked them what was going on and said nothing more after the officers advised him of the situation. Frazier was handcuffed for the officers' safety and placed in the rear of Off. Cone's vehicle under the supervision of the other officers at the scene.

Off. Cone said she then went to the back door of the driver's side of Frazier's truck and could smell marijuana as she opened the door. In the back seat, Off. Cone then found a gray duffel bag containing packages of marijuana and a smaller purple bag that contained digital scales and packaging materials.

Off. Winterton, who also detected a strong smell of marijuana, testified that she found a bundle of cash in the amount of $1,516 wrapped with a rubber band on the front floorboard, a firearm, and two more digital scales in the console of Frazier's truck. Off. Winterton's testimony was unrefuted when she noted that the smell of marijuana was noticeable when they stood where Frazier had been when they arrived.

Off. Cone testified that the breakdown of the cash recovered at the scene was four 100-dollar bills, 54 20-dollar bills, one 10-dollar bill, two 5-dollar bills, and 16 1-dollar bills. Off. Cone also testified that the denomination breakdown of the recovered cash was consistent with drug sales. More than 297 grams of marijuana were admitted into evidence without objection. Also admitted into evidence without objection was the firearm, a Walther .9 millimeter handgun, which was discovered with a loaded magazine and one round in the chamber. Although Frazier made no statements acknowledging ownership or possession of the truck or its contents, he had the keys to the truck containing the illegal items on him when he was arrested.

A unanimous jury found Frazier guilty of all three counts on November 15, 2022. Frazier's counsel made an oral motion for a bond hearing to be set and was denied bond after a hearing. Motions for a new trial and post-verdict judgment of acquittal were filed on November 23, 2022, and subsequently denied.

On February 1, 2023, Frazier was sentenced to 10 years at hard labor for count one, 10 years at hard labor for count two, and 16 years without benefits for count three. The trial court ordered the sentences to be run concurrently. The trial court also ordered Frazier to serve 400 days

consecutive to the sentences in lieu of paying the mandatory $1,000 fine for count three. Frazier filed a motion to reconsider sentence which was denied. Frazier now appeals.

## DISCUSSION

Frazier argues that the evidence was insufficient to convict him on all three counts. Specifically, Frazier claims that the state failed to prove he knew the gun, marijuana, scales and baggies were in the truck, and further failed to prove that he intended to possess them. Frazier argues that there was no evidence presented that he owned the truck or had any connection to the truck other than that he was vacuuming it at a car wash. Frazier claims that he was vacuuming someone else's truck to make money.

Frazier also claims that the sentences imposed by the trial court were excessive. Frazier points out that he received the maximum sentence of 10 years each for the possession with intent to distribute marijuana conviction and the possession of a firearm while in possession of marijuana conviction. Frazier also points out that his sentence of 16 years for his possession of a firearm by a convicted felon conviction was near the maximum sentence of 20 years. Frazier argues that he should not have received the two maximum sentences and one three-quarters of the maximum sentence for the third count, because maximum sentences are reserved for the worst offenders, and he does not fall into that category. While Frazier acknowledges his lengthy rap sheet, he claims the trial court failed to consider the number of years between his convictions and other mitigating factors that should have reduced his sentences.

Finally, Frazier argues that the trial court imposed an illegal sentence when it sentenced him to 400 days in parish jail in lieu of paying the

4

mandatory fine for his felon in possession of a firearm conviction, to run consecutively. As an indigent defendant, Frazier asserts that he cannot be subjected to jail time in lieu of the payment of a fine, costs, or restitution.

The state argues that there was more than enough evidence to support Frazier's convictions, especially considering that he was arrested with the keys to the truck in his possession. The state claims that having the keys to a vehicle with illicit goods inside gives that possessor of the keys dominion and control over those goods, and thus constructive possession.

The state also argues that Frazier's account of being hired to vacuum the truck is self-serving and not supported by the evidence presented at trial. The state claims that the jury correctly rejected Frazier's explanation at trial as not credible considering it would have meant that a person left the truck keys, a loaded gun, a wad of cash, and a considerable amount of marijuana with Frazier, who had the opportunity to steal everything.

The state also argues that the sentences imposed by the trial court were not excessive. The state claims that the trial court duly considered all aggravating and mitigating circumstances when sentencing Frazier. The state notes that the trial court considered such mitigating factors as Frazier's mother's testimony that she needed him at home.

However, the state also notes that the trial court had to consider Frazier's entire criminal record, which includes indecent behavior with a juvenile, simple burglary, aggravated arson, and possession with intent to distribute a Schedule II. The state claims that regardless of how much time passed between criminal episodes, Frazier established a clear pattern of criminal conduct which the trial court had to take into account.

5

With regard to Frazier's claim that the additional 400 days in jail in lieu of a fine was an illegal sentence, the state agrees that sentencing Frazier in such a way was an error patent.

*Sufficiency of the Evidence*

The standard of review for the sufficiency of the evidence to uphold a conviction is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *State v. Tate*, 01-1658 (La. 5/20/03), 851 So. 2d 921, *cert. denied*, 541 U.S. 905, 124 S. Ct. 1604, 158 L. Ed. 2d 248 (2004); *State v. Ward*, 50,872 (La. App. 2 Cir. 11/16/16), 209 So. 3d 228, *writ denied*, 17-0164 (La. 9/22/17), 227 So. 3d 827. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the factfinder. *State v. Ward, supra*; *State v. Dotie*, 43,819 (La. App. 2 Cir. 1/14/09), 1 So. 3d 833, *writ denied*, 09-0310 (La. 11/6/09), 21 So. 3d 297. On appeal, a reviewing court must view the evidence in the light most favorable to the prosecution and must presume in support of the judgment the existence of every fact the trier of fact could reasonably deduce from the evidence. *Jackson, supra*.

The appellate court does not assess the credibility of witnesses or reweigh evidence. *State v. Smith*, 94-3116 (La. 10/16/95), 661 So. 2d 442; *State v. Ward, supra*. A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. *State v. Ward, supra; State v. Eason*, 43,788 (La. App. 2 Cir. 2/25/09), 3 So. 3d 685, *writ denied*, 09-0725 (La. 12/11/09), 23 So. 3d 913. In the absence

6

of internal contradiction or irreconcilable conflict with the physical evidence, the testimony of one witness, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. *State v. Burd*, 40,480 (La. App. 2 Cir. 1/27/06), 921 So. 2d 219, *writ denied*, 06-1083 (La. 11/9/06), 941 So. 2d 35.

The *Jackson, supra,* standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. *State v. Sutton*, 436 So. 2d 471 (La. 1983); *State v. Ward, supra; State v. Speed*, 43,786 (La. App. 2 Cir. 1/14/09), 2 So. 3d 582, *writ denied*, 09-0372 (La. 11/6/09), 21 So. 3d 299. To convict a defendant based upon circumstantial evidence, every reasonable hypothesis of innocence must be excluded. La. R.S. 15:438; *State v. Johnston*, 53,981 (La. App. 2 Cir. 9/22/21), 326 So. 3d 970.

In the present case, Frazier was convicted of possession with intent to distribute less than 2 ½ pounds of a Schedule I controlled dangerous substance (marijuana), in violation of La. R.S. 40:966(A)(1) and (B)(2)(a). To support a conviction for possession with intent to distribute marijuana under La. R.S. 40:966, the state must prove beyond a reasonable doubt that the defendant knowingly and intentionally possessed the drug and that he or she did so with the specific intent to distribute it. *State v. Cho*, 02-274 (La.

7

App. 5 Cir. 10/29/02), 831 So. 2d 433, *writ denied*, 02-2874 (La. 4/4/03), 840 So. 2d 1213. Guilty knowledge is an essential element of the crime of possession of contraband, and such knowledge may be inferred from the circumstances. *State v. Marshall*, 02-1067 (La. App. 5 Cir. 2/25/03), 841 So. 2d 881, *writ denied*, 03-909 (La.9/26/03), 854 So. 2d 345.

The element of possession may be established by showing that the defendant exercised either actual or constructive possession of the controlled dangerous substance. *State v. Mitchell*, 09-996 (La. App. 5 Cir. 5/25/10), 40 So. 3d 1122, *writ denied*, 10-1557 (La. 10/21/11), 73 So. 3d 370. A person may be in constructive possession of a drug even though it is not in his physical custody, if it is subject to his dominion and control. *State v. Acevedo*, 22-124 (La. App. 5 Cir. 12/28/22), 356 So. 3d 1137.

The determination of whether there is sufficient evidence of constructive possession to support a conviction depends on the specific facts of each case. *State v. Kenner*, 12-352 (La. App. 5 Cir. 12/11/12), 106 So. 3d 1084. Factors that may establish control and dominion for purposes of constructive possession include knowledge that the drugs were in the area, relationship with the person found to have possession, access to the area where the drugs were found, evidence of recent drug use, and physical proximity to the drugs. *State v. Lane*, 20-137 (La. App. 5 Cir. 12/23/20), 309 So. 3d 886, *writ denied*, 21-100 (La. 4/27/21), 314 So. 3d 836.

Here, we find that the evidence presented was sufficient to show that Frazier had constructive possession of the marijuana as well as the intent to distribute it. Off. Cone and Off. Winterton testified that defendant was in direct possession of the truck's keys when he was arrested. Defendant's

8

possession of the keys gave him dominion and control over the contents of the truck, including the gun, drugs and drug-dealing paraphernalia.

Defendant's claim that he was simply cleaning the vehicle for hire is self-serving and readily refuted by the evidence presented at trial. Indeed, everything that was discovered at the scene was corroborated by the information which the officers received in the tip.

The jury heard the testimony, saw the evidence, and reasonably concluded that defendant had full knowledge of the illicit contents of the truck and the intent to possess them. Accordingly, defendant's argument as to sufficiency of the evidence lacks merit and is rejected.

*Sentences*

An appellate court utilizes a two-pronged test in reviewing a sentence for excessiveness. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. *State v. Smith*, 433 So. 2d 688 (La. 1983); *State v. Lathan*, 41,855 (La. App. 2 Cir. 2/28/07), 953 So. 2d 890, *writ denied*, 07-0805 (La. 3/28/08), 978 So. 2d 297.

The articulation of the factual basis for a sentence is the goal of Article 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with the article. *State v. Lanclos*, 419 So. 2d 475 (La. 1982); *State v. Swayzer*, 43,350 (La. App. 2 Cir. 8/13/08), 989 So. 2d 267. The important elements which should be considered are the defendant's personal

9

history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. *State v. Jones*, 398 So. 2d 1049 (La. 1981); *State v. Ates*, 43,327 (La. App. 2 Cir. 8/13/08), 989 So. 2d 259, *writ denied*, 08-2341 (La. 5/15/09), 8 So. 3d 581. There is no requirement that specific matters be given any particular weight at sentencing. *State v. Shumaker*, 41,547 (La. App. 2 Cir. 12/13/06), 945 So. 2d 277, *writ denied*, 07-0144 (La. 9/28/07), 964 So. 2d 351.

Second, the court must determine whether the sentence is constitutionally excessive. *State v. Cooksey*, 53,660 (La. App. 2 Cir. 5/26/21), 316 So. 3d 1284, *writ denied*, 21-00901 (La. 10/12/21), 325 So. 3d 1074. A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless infliction of pain and suffering. *State v. Dorthey*, 623 So. 2d 1276 (La. 1993); *State v. Bonanno*, 384 So. 2d 355 (La. 1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *State v. Robinson*, 49,825 (La. App. 2 Cir. 5/20/15), 166 So. 3d 403. The defendant must show a manifest abuse of discretion to have a sentence set aside as excessive. *State v. Sharkey*, 602 So. 2d 249 (La. App. 2 Cir. 1992).

The sentencing range for possession with intent to distribute marijuana in an amount less than 2 ½ pounds, pursuant to La. R.S. 40:966(B)(2)(a), is between one and ten years. The sentencing range for possession of a firearm while in possession of more than 14 grams of marijuana, pursuant to La. R.S. 14:95(E), is between five and ten years. The

10

sentencing range for possession of a firearm by a convicted felon, pursuant to La. R.S. 14:95.1, is between five and twenty years.

For the possession of marijuana with intent to distribute and the possession of a firearm while in possession of marijuana convictions, defendant received the maximum sentence of ten years for each. For the felon with a firearm conviction, defendant received a sentence of 16 years. The trial court ordered these sentences to run concurrently.

Prior to imposing the sentence, the trial court duly considered the Article 894.1 sentencing factors and expressed an understanding of mitigating factors by acknowledging that defendant's mother felt she needed him at home. The trial court further noted defendant's criminal record, which includes indecent behavior with a juvenile, simple burglary, aggravated arson, and, most recently, possession with intent to distribute a Schedule II controlled dangerous substance.

The record demonstrates that the trial court considered the appropriate factors in imposing the concurrent sentences, which do not shock our sense of justice. Although defendant received sentences on the higher end of the sentencing range, he clearly has not learned from his past mistakes and his current convictions support a heavier sentence in light of his escalating criminal behavior. Furthermore, the concurrent nature of the sentences ameliorates the severity of the punishment.

Based on the circumstances of this case, including defendant's significant criminal history, we cannot say that these sentences are constitutionally excessive. Accordingly, this assignment of error lacks merit.

11

*Error Patent*

We note one error patent. The trial court sentenced defendant to 400 days in parish jail in lieu of paying the fine on the felon with a firearm conviction, to run consecutively. An indigent defendant cannot be subjected to default time in lieu of the payment of a fine, costs or restitution. *State v. Lewis*, 48,373 (La. App. 2 Cir. 9/25/13), 125 So. 3d 482. A defendant's claim of indigence in such a situation may be discerned from the record. *State v. Arkansas*, 47,317 (La. App. 2 Cir. 8/8/12), 104 So. 3d 459, *writ denied*, 12-1996 (La. 3/15/13), 109 So. 3d 374.

Defendant's indigence has been shown by his representation at trial by the Indigent Defender's Office, and his current representation on appeal by the Louisiana Appellate Project. Thus, the imposition of jail time in lieu of paying a fine was in error. Therefore, this court modifies defendant's sentence on the felon with a firearm conviction to delete the imposition of jail time in lieu of paying a fine.

## CONCLUSION

For the above reasons, the convictions of defendant Flenory Frazier, III are affirmed. We delete the portion of Frazier's sentence that imposes jail time in lieu of the fine, and as amended, we affirm.

**AFFIRMED.**