STATE OF LOUISIANA

VERSUS

TOMMY HORTON

NO. 24-KA-52

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 23-4506, DIVISION "E"
HONORABLE FRANK A. BRINDISI, JUDGE PRESIDING

December 04, 2024

**STEPHEN J. WINDHORST**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Stephen J. Windhorst, and Timothy S. Marcel

**CONVICTION AND SENTENCE AFFIRMED;**
**FINANCIAL OBLIGATION VACATED;**
**REMANDED WITH INSTRUCTIONS;**
**MOTION TO WITHDRAW GRANTED**
    **SJW**
    **SMC**
    **TSM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
     Honorable Paul D. Connick, Jr.
     Thomas J. Butler
     Juliet L. Clark

COUNSEL FOR DEFENDANT/APPELLANT,
TOMMY HORTON
     Prentice L. White

**WINDHORST, J.**

On appeal, defendant's appointed appellate counsel filed an Anders[1] brief on defendant's behalf asserting that there is no basis for a non-frivolous appeal. For the reasons that follow, we affirm defendant's conviction and sentence, vacate defendant's financial obligation, and remand with instructions. We further grant appellate counsel's motion to withdraw as attorney of record.

## PROCEDURAL HISTORY

On September 22, 2023, the Jefferson Parish District Attorney's Office filed a bill of information charging defendant, Tommy Horton, with possession of a controlled dangerous substance, to wit: cocaine weighing less than two grams in violation of La. R.S. 40:967 C. Defendant was arraigned and pled not guilty. On January 18, 2024, a six-person jury unanimously found defendant guilty of possession of cocaine.[2] The trial court sentenced defendant to two years imprisonment in the Department of Corrections, suspended the sentence, and placed defendant on active probation for two years. This appeal followed.

## TRIAL EVIDENCE

Officer Trevia Wilfred, with the Jefferson Parish Sheriff's Office ("JPSO"), testified that she works in the "Property and Laundry Department" ("property department") at the Jefferson Parish Correctional Center ("JPCC"), where she inventories inmates' property following their arrests. She explained that after an individual is arrested, his property is initially searched by a deputy in the intake department, after which the property is placed in a plastic bag, sealed, and then

---

[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[2] In the bill of information, the State charged defendant with possession of cocaine weighing less than two grams. A review of the record shows that the jury instructions provided to the jury did not include an instruction as to an amount or weight of cocaine possessed by defendant. The jury was instructed that it could find defendant guilty of possession of cocaine, attempted possession of cocaine, or not guilty. The jury found defendant guilty of possession of cocaine. Nevertheless, at trial, *infra*, the jury was presented with evidence as to the amount of cocaine, which was stipulated to by the State and defense counsel, and defendant was sentenced under La. R.S. 40:967 C(1) (when the cocaine has an aggregate weight of less than two grams). Therefore, this does not present a non-frivolous issue on appeal.

24-KA-52                                    1

brought to the property department where it is locked in the property room. She stated there are five employees, including herself, that work in the property department. As part of her duties, she is tasked with inventorying the items in the sealed property bags, creating a property card, and then placing the inventory back in the bags.[3]

Officer Wilfred testified that on August 29, 2023, at 10:04 A.M.,[4] she searched the sealed bag containing defendant's property which was searched and placed in a bag in the intake department following his arrest. She testified that she found a small plastic bag containing a white powdery substance inside his wallet, which she thought might be cocaine.[5] She then took the substance to the sergeant in the intake department, in this case, Sergeant David Murray.

Chase Bagley testified that he is a patrol deputy with the JPSO in the Second District. He stated that as part of his duties as a deputy, he works overtime at the JPCC, assisting the correctional officers. Deputy Bagley testified that on August 29, 2023, while working at the JPCC, Deputy Amanda Israel alerted him to the discovery of contraband in the intake department.[6] He learned that Officer Wilfred found a white powdery substance inside the wallet of an arrested subject, which he suspected was cocaine. He recalled contacting "the District" and requesting "Crime Scene."[7]

---

[3] She stated that after the property is locked in the property room, "the next day, once we get the roll-in sheet, we see what name is on the rolling sheets and then what property we have to pull." She explained that the property bags are brought over to them on a cart, and each employee in her department "pull a property" and she "pulled" defendant's property.

[4] The police report states that Officer Wilfred conducted her inventory of the contents of defendant's property bag, located a "clear baggie with a white power like substance inside," and brought the baggie to Sergeant Murray at approximately 10:40 A.M, informing him of where she found the substance.

[5] At trial, Officer Wilfred was shown the white substance and identified it as the white powdery substance that she found in defendant's wallet.

[6] Deputy Bagley testified that at that time, he was assisting Deputy Israel with the investigation because he does "a lot of narcotics work on the street, so [he] was just helping her with it because they don't handle that as often."

[7] At trial, Deputy Bagley recognized the substance that tested positive for cocaine on that day and Deputy Israel's police report regarding the incident he investigated.

24-KA-52                                      2

Deputy Bagley testified he subsequently met with defendant, he read defendant his Miranda[8] rights, defendant acknowledged that he understood his rights, and defendant agreed to speak to him. Deputy Bagley told defendant that a substance was found in his wallet and asked defendant what the substance was, to which defendant immediately replied that it was cocaine. Defendant further acknowledged that he was aware that the cocaine was in his wallet. Defendant informed Deputy Bagley that he got the cocaine from "a ho in a club" he was in. The footage from Deputy Bagley's body camera was shown to the jury, confirming his testimony and the statements made to him by defendant.

Additionally, the State and the defense stipulated that if Elora Wall was called to testify, she would be qualified as an expert in the analysis and identification of controlled dangerous substances. They further stipulated that if called to testify, Ms. Wall would have testified, in conformity with her report dated November 28, 2023, that in her expert opinion, the evidence in the instant case, listed as item number H-21125-23, was found to contain cocaine. Ms. Wall's report, which was admitted into evidence and published to the jury, showed that the gross weight of the cocaine was "0.38 gram(s) +/- 0.03 gram(s)."

**DISCUSSION**

Under the procedure adopted by this court in State v. Bradford, 95-929 (La. App. 5 Cir. 06/25/96), 676 So.2d 1108, 1110-1111,[9] appointed appellate counsel has filed a brief asserting that he has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241 (*per curiam*), appointed counsel requests permission to withdraw as counsel of record.

---

[8] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

[9] In Bradford, *supra*, this court adopted the procedures outlined in State v. Benjamin, 573 So.2d 528, 530 (La. App. 4 Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-981 (La. 04/28/95), 653 So.2d 1176, 1177 (*per curiam*).

In Anders, *supra*, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination of it.[10] The request must be accompanied by "a brief referring to anything in the record that might arguably support the appeal" so as to provide the reviewing court "with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability" and to assist the reviewing court "in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).

In Jyles, 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." Id.

When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. Bradford, 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. Id. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief

---

[10] The United States Supreme Court reiterated Anders in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. Id.

Defendant's appellate counsel asserts that after a detailed review of the record, he could find no non-frivolous issues to raise on appeal. Appellate counsel sets forth the procedural history of the case as well as a detailed recitation of the facts adduced at trial. He contends that the evidence adduced at trial was sufficient to prove the elements of the charged offense, namely, after being Mirandized, defendant admitted that he was aware of the white substance that was found in his wallet, that the substance was cocaine, and that he obtained the substance from someone at a club. Appellate counsel avers that defendant did not testify at trial and defense counsel did not present any witnesses to challenge the State's evidence. Appellate counsel claims that although several motions were filed, no pretrial hearings were held. Appellate counsel further maintains that defendant's sentence was not excessive because it was below the sentencing range for the charged offense. He asserts that after a conscientious and thorough review of the record, he could find no non-frivolous issues to raise on appeal and no trial court rulings that would arguably support an appeal on behalf of defendant.

Appellate counsel filed a motion to withdraw as attorney of record in which he stated he notified defendant that he filed an Anders brief and defendant had a right to file a *pro se* brief in this appeal. Additionally, this court sent defendant a letter by certified mail informing him that an Anders brief had been filed and that he had until March 20, 2024, to file a *pro se* supplemental brief. Defendant did not file a *pro se* brief.

Our independent review of the record supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal.

The bill of information properly charged defendant and plainly and concisely stated the essential facts constituting the charged offense. It also sufficiently

24-KA-52          5

identified defendant and the crime charged. La. C.Cr.P. arts. 462-466. Further, as reflected by the minute entries and commitment, defendant and his counsel appeared at all crucial stages of the proceedings against him, including his arraignment, trial, and sentencing. Thus, there are no appealable issues regarding defendant's presence.

Despite appellate counsel's assertion that several pretrial motions were filed and no hearings were held, the record shows that defendant did not file any pretrial motions. Therefore, there are no pre-trial rulings to review.

Additionally, defendant's appellate counsel contends the evidence admitted at trial was sufficient to find defendant guilty of possession of cocaine. A review of the record reflects that there are no non-frivolous issues to raise regarding the sufficiency of the evidence.

In reviewing the sufficiency of evidence, an appellate court must determine that the evidence, whether direct, circumstantial, or a mixture of both, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime have been proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Neal, 00-674 (La. 06/29/01), 796 So.2d 649, 657, cert. denied, 535 U.S. 940, 122 S.Ct. 1323, 152 L.Ed.2d 231 (2002); State v. Robinson, 11-12 (La. App. 5 Cir. 12/29/11), 87 So.3d 881, 892-893, writ denied, 12-279 (La. 06/15/12), 90 So.3d 1059.

Evidence may be either direct or circumstantial. State v. Robertson, 22-363 (La. App. 03/29/23), 360 So.3d 582, 590. When circumstantial evidence is used to prove the commission of the offense, La. R.S. 15:438 provides, "assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence." On appeal, the reviewing court does not determine if another possible hypothesis suggested by the defendant could afford an exculpatory explanation of the events. State v. Williams, 14-882 (La. App. 5 Cir.

05/14/15), 170 So.3d 1129, 1136, writ denied, 15-1198 (La. 05/27/16), 192 So.3d 741. Instead, the appellate court must evaluate the evidence in a light most favorable to the State and determine whether the possible alternative hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt. Id.

In the instant case, defendant was convicted of possession of cocaine in violation of La. R.S. 40:967 C. To support a conviction for possession of cocaine under La. R.S. 40:967 C, the State must prove beyond a reasonable doubt that the defendant was in possession of the cocaine and that he knowingly possessed it. Robinson, 87 So.3d at 893; State v. Mitchell, 09-996 (La. App. 5 Cir. 05/25/10), 40 So.3d 1122, 1126, writ denied, 10-1557 (La. 10/21/11), 73 So.3d 370. The element of possession may be established by showing that the defendant exercised either actual or constructive possession of the controlled dangerous substance. Mitchell, 40 So.3d at 1126.

A person may be in constructive possession of a drug even though it is not in his physical custody, if it is subject to his dominion and control. State v. Nguyen, 22-286 (La. App. 5 Cir. 02/27/23), 359 So.3d 108, 120. The determination of whether there is sufficient evidence of constructive possession to support a conviction depends on the specific facts of each case. State v. Kenner, 12-352 (La. App. 5 Cir. 12/11/12), 106 So.3d 1084, 1087-1088. Factors that may establish control or dominion for purposes of constructive possession include knowledge that the drugs were in the area, relationship with the person found to have possession, access to the area where the drugs were found, evidence of recent drug use, and physical proximity to the drugs. Nguyen, 359 So.3d at 120; State v. Lane, 20-137 (La. App. 5 Cir. 12/23/20), 309 So.3d 886, 902, writ denied, 21-100 (La. 04/27/21), 314 So.3d 836.

The trier of fact may accept or reject, in whole or in part, the testimony of any witness. State v. Johnson, 22-383 (La. App. 5 Cir. 08/09/23), 370 So.3d 150, 157; State v. Baker, 01-1397 (La. App. 5 Cir. 04/30/02), 816 So.2d 36, 365. It is not the function of the appellate court to evaluate the credibility of witnesses, nor to overturn the trial court on its factual determination of guilt. State v. Drewery, 12-236 (La. App. 5 Cir. 0130/13), 108 So.3d 1246, 1255; State v. Gentras, 98-1095 (La. App. 5 Cir. 03/30/99), 733 So.2d 113, 118, writ denied, 99-1302 (La. 10/15/99), 748 So.2d 464.

In the instant case, the jury heard testimony regarding how and where the cocaine was found and defendant's statement to the officer acknowledging that (1) the substance was cocaine; (2) he was aware that the cocaine was in his wallet; and (3) he obtained the substance from someone in a club. The jury also heard the State and the defense's stipulation that the State's expert in analysis and identification, Elora Wall, if called to testify, would have testified in conformity with her report dated November 28, 2023, that in her expert opinion, the evidence was found to contain cocaine. Specifically, Ms. Wall's report, which was admitted into evidence and published to the jury, showed that the gross weight of the cocaine was "0.38 gram(s) +/- 0.03 gram(s)." The jury obviously found the State's witnesses to be credible. Therefore, the evidence established that defendant possessed the cocaine found in his wallet and the cocaine weighed less than two grams. Based on the evidence, we find a rational trier of fact could have found that the evidence was sufficient under the Jackson standard to support defendant's conviction of possession of cocaine.

Defendant's appellate counsel also indicates that defendant's two-year suspended sentence was not constitutionally excessive. Upon review, we find defendant's sentence does not present an issue for appeal.

The Eighth Amendment to the U.S. Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is considered excessive, even if it is within the statutory limits, if it is grossly disproportionate to the severity of the offense or imposes needless and purposeless pain and suffering. State v. Nguyen, 06-969 (La. App. 5 Cir. 04/24/07), 958 So.2d 61, 64, writ denied, 07-1161 (La. 12/07/07), 969 So.2d 628.

A trial court is afforded great discretion in determining sentences, and sentences within the statutory limit will not be set aside as excessive absent a clear abuse of that discretion. State v. Carter, 11-758 (La. App. 5 Cir. 05/31/12), 96 So.3d 1283, 1291. In reviewing a sentence for excessiveness, the reviewing court must consider the crime and the punishment in light of the harm to society and gauge whether the penalty is so disproportionate as to shock its sense of justice, while recognizing the trial court's wide discretion in sentencing. Nguyen, *supra*. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. State v. Melgar, 19-540 (La. App. 5 Cir. 04/30/20), 296 So.3d 1107, 1115. The appellate court can look to the record for support of the defendant's sentence, and if the record supports the sentence imposed, the appellate court shall not set aside the sentence for excessiveness. La. C.Cr.P. art. 881.4 D; Carter, 96 So.3d at 1292.

La. R.S. 40:967 C(1) provides that when the cocaine has an aggregate weight of less than two grams, the defendant shall be imprisoned, with or without hard labor, for not more than two years and, in addition, may be sentenced to pay a fine of not more than five thousand dollars. In the instant case, the trial court sentenced defendant to two years in the Department of Corrections, suspended the sentence, and defendant was placed on two years active probation. Defendant's sentence falls within the sentencing range as set forth in La. R.S. 40:967 C. Moreover, defendant's sentence was beneficial to him in that he was placed on probation and not

incarcerated, and the trial court did not impose a fine. Therefore, we find defendant's sentence is not constitutionally excessive. The record also supports the sentence received and the record does not contain any pleadings, pretrial rulings, or post-trial rulings that provide an arguable basis for appeal.

Because appellate counsel's brief adequately demonstrates by full discussion and analysis that he has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and our independent review of the record supports counsel's assertion, appellate counsel's motion to withdraw as attorney of record is granted.

## ERRORS PATENT

Defendant requests an error patent review. However, this Court routinely reviews the record for errors patent in accordance with the mandates of La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La. 1975); and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir. 1990) regardless of whether defendant makes such a request. Our review reveals an errors patent requiring correction.

A review of the transcript reflects that when defendant was sentenced, the sentence was suspended, and defendant was placed on active probation. The transcript does not show that the trial court ordered defendant to pay fines, fees, and court costs. However, the record contains the following documents indicating defendant was ordered to pay fines, fees, and court costs. The form titled "Felony: Schedule of Fines, Fees, Sentencing Provisions & Probation Requirements," in the "Sentencing Provisions" section, the trial court ordered defendant to pay the following fines, fees, and court costs: $642.00 in court costs, a $500 fine, a $100 fee for services performed by the Public Defender's Office, a Commissioner Fund Fee of $125, a special fine of $150 to the 24th JDC Intensive Probation Drug Court, an indigent transcript fee of $2.00, a probation supervision fee of $70 per month to the Department of Probation and Parole, plus an additional $11.00 per month

assessment. The form indicates that defendant agreed to pay all of these fines, fees, and costs within 24 months.[11] Defendant placed his initials beside each of the itemized fines, fees, and court costs and the form was signed by the defendant, defense counsel, and the trial court. Another form in the record, from the 24th JDC Collections Office, shows that defendant owes "fines, fees, court costs, and other special fines as outlined in [his] conditions of probation and as instructed by the Judge of this court, in the amount of $1,519.00," with twenty-three monthly payments of $65 and one payment of $24. According to this form, the payments started on February 19, 2024, and end on January 19, 2026. Additionally, the minute entry dated January 19, 2024, provides "[i]n addition to all the general conditions of probation listed on the probation form, the following special conditions of probation are imposed: The Defendant must pay the $500 fine, court costs, and fees within 24 months."[12]

La. C.Cr.P. art. 875.1 requires the court to conduct a hearing to determine whether payment of any fine, fee, cost, restitution, or monetary obligation would cause substantial financial hardship to defendant or his dependents. La. C.Cr.P. art. 875.1 C provides:

> (1) Notwithstanding any provision of law to the contrary, prior to ordering the imposition or enforcement of any financial obligations as defined by this Article, the court shall conduct a hearing to determine whether payment in full of the aggregate amount of all the financial obligations to be imposed upon the defendant would cause substantial financial hardship to the defendant or his dependents. The court may consider, among other factors, whether any victim of the crime has incurred a substantial financial hardship as a result of the criminal act or acts and whether the defendant is employed. The court may delay the hearing to determine substantial financial hardship for a period not to exceed ninety days, in order to permit either party to submit relevant evidence.
>
> (2) The defendant or the court may waive the judicial determination of a substantial financial hardship required by the provisions of this

---

[11] The fines, fees, and court costs are in the "Sentencing Provisions" section of the form, not the "Special Conditions of Probation" section of the form.

[12] When there is a conflict between the transcript and the minute entry, the transcript prevails. State v. Smith, 23-308 (La. App. 5 Cir. 02/28/24), 382 So.3d 1121, 1127, citing State v. Lynch 441 So.2d 732, 734 (La. 1983).

Paragraph. If the court waives the hearing on its own motion, the court shall provide reasons, entered upon the record, for its determination that the defendant is capable of paying the fines, fees, and penalties imposed without causing a substantial financial hardship.

Here, the transcript reveals that during defendant's sentencing hearing, (1) the trial court did not order defendant to pay fines, fees, and court costs; (2) the trial court did not hold a hearing in compliance with C.Cr.P. art. 875.1; and (3) the record does not contain a waiver of the judicial determination of financial hardship. Accordingly, we vacate the financial obligations imposed on defendant (*i.e.*, fines, fees, and court costs enumerated *supra*) and remand this case for the trial court to order defendant to pay fines, fees, and court costs as part of his sentence and/or as a special condition of probation, and for the trial court to comply with the La. C.Cr.P. art. 875.1, if the trial court intended to order defendant to pay fines, fees, and court costs. See State v. Smith, 23-308 (La. App. 5 Cir. 02/28/24), 382 So.3d 1121, citing State v. Douglas, 22-752 (La. App. 3 Cir. 02/23/23), 358 So.3d 580; State v. Gant, 54,837 (La. App. 2 Cir. 01/11/23), 354 So.3d 824, 832; State v. Cormier, No. 23-24 (La. App. 3 Cir. 01/04/22), 2023 WL 5950870.

**DECREE**

For the reasons stated herein, we affirm defendant's conviction and sentence, vacate defendant's financial obligation, and remand with instructions. We further grant appellate counsel's motion to withdraw as attorney of record.

**CONVICTION AND SENTENCE AFFIRMED; FINANCIAL OBLLIGATION VACATED; REMANDED WITH INSTRUCTIONS; MOTION TO WITHDRAW GRANTED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **DECEMBER 4, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 24-KA-52

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE FRANK A. BRINDISI (DISTRICT JUDGE)
JULIET L. CLARK (APPELLEE)      THOMAS J. BUTLER (APPELLEE)      PRENTICE L. WHITE (APPELLANT)

### MAILED
HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053